IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HUBBARD PROPERTIES, INC., and<br>JAMES L. HUBBARD<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-114C<br>(Judge Baskir) |

**<u>JOINT PRELIMINARY STATUS REPORT</u>**

In compliance with Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this Joint Preliminary Status Report.

**(A)** <u>Does the court have jurisdiction over the action?</u>

Plaintiffs believe that this Court possesses jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491.

Defendant believes that the Court does not possess jurisdiction to entertain at least a portion of plaintiffs' complaint. Plaintiffs' complaint asserts that the Government and the plaintiff entered into or attempted to enter into a contract for the sale of real property. <u>See</u> Complaint at ¶¶ 4, 7. Contracts for the sale of real property are not covered by the Contract Disputes Act. <u>Ayres v. United States</u>, 66 Fed. Cl. 551, 558

(2005) (citing 41 U.S.C. § 602). Accordingly, this Court appears to lack jurisdiction to entertain plaintiffs' claim for declaratory relief. See 28 U.S.C. § 1492; United States v. King, 395 U.S. 1, 5 (1969) ("In the absence of an express grant of jurisdiction from Congress, we decline to assume that the court of Claims has been given the authority to issue declaratory judgments."); Bank of Guam v. United States, 80 Fed. Cl. 739, 746-47 (2008).

This Court also appears to lack jurisdiction to entertain the second and fourth counts of plaintiffs' complaint. Plaintiffs' second count seeks recovery for "Money Had and Received." See Complaint at ¶¶ 32-34. Such a claim "arises out of a theory of quasi contract or contract-implied-in law," and this Court generally has no jurisdiction to entertain such an action. See Bank One, Michigan v. United States, 62 Fed. Cl. 474, 479 n.11 (2004). Plaintiffs' fourth claim is comparable. This Court lacks jurisdiction to entertain an implied-in-law claim of unjust enrichment. Perri v. United States, 340 F.3d 1337, 1343-44 (Fed. Cir. 2003); Anderson v. United States, 73 Fed. Cl. 199, 206 (2006).

Plaintiffs reserve their right to oppose any motions to dismiss regarding this Court's jurisdiction and further reserve their right to object

to any assertions by the defendant regarding this Court's jurisdiction.

As for plaintiffs' breach of contract claim, defendant is currently unaware of any reason why this Court would lack subject matter jurisdiction to entertain such a claim.

**(B)** Should the case be consolidated with any other case and, if so, why?

No party is aware of any case with which this case should be consolidated.

**(C)** Should trial of liability and damages be bifurcated and, if so, why?

Assuming the case is tried, the parties are not currently aware of any reason that the trial should be bifurcated.

**(D)** Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?

The parties are not currently aware of any reason why proceedings in this case should be deferred pending consideration of another case before this Court or any other tribunal. The parties are not aware of any related cases in this or any other tribunal.

**(E)** <u>In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?</u>

No party presently anticipates seeking a remand or suspension.

**(F)** <u>Will additional parties be joined?</u>

At this time, no party anticipates joining any additional parties.

**(G)** <u>Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?</u>

At this time, if plaintiffs do not amend their complaint to conform to this Court's jurisdiction, defendant anticipates filing a partial motion to dismiss for lack of subject matter jurisdiction for the reasons stated above no later than September 2, 2008, with all responses and memorandums in opposition to be filed no later than 30 days afterwards.

The parties do not currently anticipate filing any other dispositive motions, but if, following discovery, the parties elect to file such motions, the parties will do so by February 27, 2009.

**(H)** <u>What are the relevant factual and legal issues?</u>

Based upon a current review of the case, the parties believe the relevant issues are as follows:

1. Whether the Court possesses jurisdiction to entertain the first, second, and fourth counts of plaintiffs' complaint.

2. Whether the parties entered into a valid, binding agreement.

3. Whether HUD breached any agreement between the parties by failing to return plaintiffs' earnest money and any extension fees.

4. Whether HUD breached any agreement between the parties by prohibiting plaintiffs from carrying out their obligations under the agreement, by failing to act in good faith, by failing to provide notice of a closing date, by failing to protect the property at issue from damage, or by failing to negotiate on the property's value prior to closing after the property sustained substantial damage.

**(I)** What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties have not engaged in settlement discussions following plaintiffs' suit in this Court and are agreed that they cannot at this time predict the likelihood of settlement. The parties are willing to consider, however, engaging in alternative dispute resolution.

**(J)** Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?

In the absence of a settlement or disposition of the case through pre-trial motions, the parties anticipate proceeding to trial. No party requests expedited trial scheduling.

**(K)** Are there special issues regarding electronic case management needs?

There are no special issues at this time regarding electronic case management needs.

**(L)** Is there other information of which the court should be aware at this time?

The parties anticipate requesting the case be tried in Birmingham, Alabama as most witnesses and documents are located in Birmingham and this is the most convenient forum for the parties in the interest of fairness and justice.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 et seq., upon a verdict in favor of the plaintiffs, plaintiffs anticipate seeking an award of attorneys' fees and other expenses.

**Discovery**

The parties respectfully propose the following discovery plan:

1. Initial disclosures will be exchanged by July 25, 2008.

2. The parties will exchange witness lists and exhibits by August 29.

3. The parties will conduct depositions between October 1, 2008 and January 16, 2008.

4. Discovery will be completed by January 16, 2008.

Respectfully submitted,

By:
s/ William R. Pringle
RICHARD E. SMITH
CLARK A. COOPER
WILLIAM R. PRINGLE
Christian & Small, LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35213
Tele: (205) 795-6588
Fax: (205) 328-7234

Attorneys for Plaintiffs

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Sean B. McNamara
SEAN B. McNAMARA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, DC 20005
Tele: (202) 305-7573
Fax: (202) 514-8624

Attorneys for Defendant

Dated: June 20, 2008

**CERTIFICATE OF FILING**

I hereby certify that on June 20, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sean B. McNamara
SEAN B. McNAMARA